UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA            )
                                    )
            v.                      )        1:14-cr-00141-JAW
                                    )
ALISHA GOSS                         )


**ORDER DENYING DEFENDANT'S MOTION FOR FURLOUGH**

Mandatorily incarcerated while awaiting sentencing for a drug trafficking felony, Alisha Goss moves for furlough from prison to attend her grandmother's memorial service. Although the Court regrets that Ms. Goss' grandmother has passed away and is sensitive to her desire to attend her grandmother's funeral, Ms. Goss has failed to meet the standard for release under 18 U.S.C. § 3145(c). The Court denies Ms. Goss' motion.

I.      **BACKGROUND**

On January 22, 2015, Alisha Goss pleaded guilty to conspiracy to distribute and possess with the intent to distribute controlled substances, a violation of 21 U.S.C. § 846, which is subject to the penalties prescribed under 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). As § 841(a)(1) is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," upon pleading guilty, Ms. Goss was subject to the mandatory detention provision of 18 U.S.C. § 3143(a)(2), and, at the close of the hearing on her guilty plea, the Court ordered Ms. Goss detained pending imposition of sentence. *Minute Entry* (ECF No. 10) ("Defendant remanded to the custody of the U.S. Marshal Service").

On July 31, 2015, the United States Probation Office issued its revised Presentence Investigation Report (PSR) on Ms. Goss. *Presentence Investigation Report* (PSR). The PSR fixes Ms. Goss' Guideline sentence range at 70 to 87 months based on a total offense level of 25 and a criminal history category III. *Id.* at 16. The Court held a presentence conference on September 2, 2015; October 23, 2015 is the due date for the Government's sentencing memorandum and November 6, 2015 for Ms. Goss' responsive sentencing memorandum. A sentencing hearing has not been scheduled.

On October 6, 2015, Ms. Goss moved to be granted furlough. *Def.'s Mot. for Furlough*, at 1 (ECF No. 26) (*Def.'s Mot.*). She stated that her grandmother had recently passed away and asked to be released from detention to attend the memorial service, which will be held on October 11, 2015 at 1:30 PM in Brewer, Maine. *Id.* Ms. Goss requested that her mother, Angela Goss, be allowed to act as her custodian, and that an unidentified woman named Amanda Higgins be allowed to transport Ms. Goss from Somerset County Jail in Madison, Maine, to the memorial service and back. *Id.*

On October 7, 2015, the Government responded by objecting to Ms. Goss' motion. *Gov't's Obj. to Def.'s Mot. for Furlough*, at 1 (ECF No. 27) (*Gov't's Obj.*). The Government notes Ms. Goss has pleaded guilty to a "mandatory detention crime" and faces a Guideline range of imprisonment of 70 to 87 months. *Id.* Additionally, the Government notes that Ms. Goss has been convicted of eleven prior offenses, including disorderly conduct, assault, unlawful trafficking in scheduled drugs, OUI, and violating conditions of release. *Id.* The Government argues Ms. Goss has not

2

offered any "exceptional reasons" warranting her release to attend her grandmother's funeral service pursuant to 18 U.S.C. § 3145(c), and also notes that under 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption that the Ms. Goss is a risk of flight and danger to the community. *Id.* at 1-2. Finally, the Government observes that while the Court granted this type of relief in *United States v. Kenney*, No. CR-07-66-B-W, 2009 WL 5217031 (D. Me. Dec. 30, 2009), it denied similar relief in *United States v. Boulier*, No. 1:13-cr-00132-JAW, 2014 WL 5089414 (D. Me. Oct. 9, 2014). *Id.* at 2. The Government suggests that the history and characteristics of Ms. Goss, particularly her criminal history, are more like Mr. Boulier than Ms. Kenney. *Id.*

## II.   DISCUSSION

### A.   Legal Standards

Pursuant to 18 U.S.C. § 3145(c), a court may, under limited circumstances, release a defendant after conviction but before the imposition of sentence. Specifically:

> [a] person subject to detention pursuant to § 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in § 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Based on *United States v. Weiner*, No. 92-1708, 1992 WL 180697 (1st Cir. July 31, 1992), the Court assumes that it has the authority under § 3145(c) to order Ms. Goss' temporary release. To qualify for release, a defendant must first meet the "conditions of release set forth in section 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). Under either provision of § 3143, a defendant will remain detained "unless

the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1), (b)(1). Second, a defendant must also clearly show "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

## B. Not Likely to Flee or Pose a Danger

A number of factors work against Ms. Goss' motion. First, Ms. Goss has pleaded guilty to a serious federal drug trafficking felony – conspiracy to distribute and possess with the intent to distribute controlled substances – and faces a prison term under the sentencing guidelines of 70 to 87 months. PSR at 16. The length of the potential prison term is itself an incentive to flee. *See United States v. French*, No. 12-cr-00160-JAW, 2015 U.S. Dist. LEXIS 67523, *7-8 (D. Me. May 19, 2015) (denying release to visit ill father where defendant was subject to a mandatory minimum of 120 months and a higher Guideline sentence range); *United States v. Boulier*, No. 1:13-cr-00132-JAW, 2014 WL 5089414 (D. Me. Oct. 9, 2014) (denying temporary release to attend father's funeral where defendant faced a prison term of 120 months); *United States v. Cameron*, Nos. 1:09-cr-00024-JAW, 1:13-cr-00001-JAW (defendant initially sentenced to 192 months of imprisonment fled after being released pending appeal).

Second, Ms. Goss has an extensive criminal history comprising eleven separate offenses, including a conviction for violating a condition of release and crimes of

4

violence, specifically three convictions for assault.  PSR at 7-12.  The Probation Office determined that Ms. Goss's criminal history category is III.  *Id.* at 16.

While the Court previously ordered the temporary release of a defendant to attend the wake and funeral of her grandmother, *Kenney*, 2009 WL 5217031, at *2, in that case the Court found that the defendant satisfied the conditions of release requirement because she "generally complied with the conditions of release" while on bail and she complied "with the more restrictive conditions of release" that were subsequently imposed.  *Id.*  Ms. Goss' circumstances differ from Ms. Kenney's as Ms. Goss has a prior conviction for violating a condition on release.   PSR at 9.  Here, Ms. Goss has a criminal history more like Wayne Boulier, *Boulier*, 2014 WL 5089414, than Ms. Kenney.[1]  *Kenney,* 2009 WL 5217031.

Finally, Ms. Goss has an extensive history with substance abuse dating back to her early teens and she admits that she is an addict.  PSR at 13-14.  Additionally, according to the PSR, Ms. Goss' proposed custodian, Angela Goss, herself suffers from substance abuse issues.  *Id.* at 13.  Furthermore, other than supplying the Court with the name, Amanda Higgins, Ms. Goss has provided no further information on Ms. Higgins and why she would be an appropriate custodian.

Another concern is whether either proposed custodian would be empowered to arrest Ms. Goss if she decided to flee.  There is no evidence in this record that either

---

[1]    According to the Court's Order Denying Defendant's Motion to Attend Service, like Ms. Goss, Wayne Boulier had been previously convicted of multiple assaults and violating conditions of release. *Boulier*, 2014 WL 5089414 at *3.  At the same time, the Court acknowledges that Mr. Boulier's criminal history was more extensive than Ms. Goss'.

Angela Goss or Amanda Higgins has the authority to arrest Alisha Goss should she decide to leave on her own accord.

Considering these factors, the Court does not find that Alisha Goss has sustained her burden of proof by "clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released" under 18 U.S.C. § 3143(a)(1), nor has she demonstrated "exceptional reasons" under 18 U.S.C. § 3145(c) to allow for her release.

Again, the Court regrets having to reject Ms. Goss' request, but she has not established that she meets the statutory standards for release.

## III.   CONCLUSION

The Court DENIES Alisha Goss' Motion for Furlough (ECF No. 26).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2015

6